UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DALY, ELENA NACARINO, SUSAN SYLVESTER, and MICHAEL SONNENSCHEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM, SERVICES LLC,<br><br>Defendants. | Case No. 2:22-cv-00910-RSM<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT |

## I.     Introduction

Before the Court is Defendant Amazon.com, Inc. and Amazon.com, Services LLC (collectively, "Amazon")'s Motion to Dismiss First Amended Class Action Complaint. Dkt. #20. Plaintiffs Mark Daly, Elena Nacarino, Susan Sylvester, and Michael Sonnenschein (collectively, "Plaintiffs") oppose the Motion. Dkt. #22. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Amazon's Motion to Dismiss.

ORDER - 1

## II.  Background

Plaintiffs filed this action against Amazon on June 29, 2022.  Dkt. #1.  Plaintiffs bring this putative class action "individually and on behalf of all similarly situated purchasers of any of Defendants' Amazon Subscriptions from the Amazon platform who, within the applicable statute of limitations periods, up to and including the date of judgment in this action, incurred unauthorized fees for the renewal of their Amazon Subscriptions."  Dkt. #14 ¶ 9.  Plaintiffs raise claims alleging violations under: (1) Oregon's Unlawful Trade Practices Act ("UTPA"); (2) California's Unfair Competition Law ("UCL"); (3) California's False Advertising Law ("FAL"); (4) California's Consumer Legal Remedies Act ("CLRA"); (5) conversion; (6) unjust enrichment/restitution; (7) negligent misrepresentation; and (8) fraud.  Id.  All of Plaintiffs' allegations are based on violations of California and Oregon Automatic Renewal Laws and Oregon's Free Offer Law.  Id. Plaintiffs seek damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs.  Id.

a.  **Amazon Subscriptions**

"Amazon is the world's largest retailer and a prominent provider of cloud and web-based products and services, including the Amazon subscriptions."  Id. at ¶ 2.  Amazon markets, advertises and sells automatic renewal subscriptions for numerous products, including Amazon Prime, Amazon Prime Video, Amazon Prime Video Channels, Amazon Music Unlimited, Amazon Prime Book Box, Amazon Kids+, Kindle Unlimited, Audible, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, and Amazon Photos.  Id. at ¶ 3.

"The enrollment process for each Amazon Subscription at issue is substantially the same, regardless of the medium used."  Id. at 68, 71.  To enroll in Amazon Subscriptions, customers select a subscription and are directed to a "Checkout Page" to provide their billing information.

*Id*. at ¶ 4, 68. Customers then click a yellow button with text such as "Start your 30 day free trial" or "Sign-up and pay" to process the transaction. Generally, immediately beneath this yellow button is a short paragraph, in a font the same size and color as that asking for customers' billing information, which contains terms such as "By signing up, you agree to the *Amazon [Subscription] Terms* and authorize us to charge your default payment method or another payment method on file after your 30 day free trial. **Your Amazon [Subscription] membership continues until cancelled. If you do not wish to continue for $[amount]/month + any taxes, you may cancel at any time by visiting Your Account**." *Id*. at ¶ 69-71 (italicized font added). The phrase "Amazon [Subscription] Terms" is a blue hyperlink to a different page containing the full terms and conditions of the agreement. *Id*. at ¶ 69 n. 81.

After subscribing, customers receive an "Acknowledgment Email" confirming their purchase. *Id*. at ¶ 83. These emails detail the type of subscription and that the current plan type is a free trial with a $0 payment. *Id*. ¶ 83-85. The email contains a statement such as "Your Amazon [Subscription] membership will continue after your 30-day Free Trial until cancelled. If you do not wish to continue your membership for $[amount]/month plus any applicable taxes, you may cancel anytime. . . For more details, read our Amazon [Subscription] Terms & Conditions." *Id*.

### b. Plaintiffs

Below, the Court provides the relevant facts pertaining to the individual Plaintiffs.

### i. Mark Daly

Plaintiff Mark Daly, a resident of Oregon, signed up for an Amazon Prime free trial around March 2022. *Id*. at ¶ 10. Mr. Daly provided his debit card information directly to Amazon. *Id*. He received an Acknowledgment Email after his enrollment. *Id*. He alleges that,

ORDER - 3

upon expiration of his free trial, he did not know Amazon would automatically convert his free trial into a paid, automatically renewing subscription. *Id*. Mr. Daly's debit card was automatically charged for two months, April and May 2022, for which Mr. Daly also incurred overdraft fees from his bank due to insufficient funds. *Id*. Mr. Daly then attempted to cancel his subscription but "struggled to do so due to Defendants' obscure, confusing, and time-consuming cancellation policy[.]" *Id*. He first called Amazon to cancel and request a refund for the unauthorized charges, but the customer service representative said they were unable to cancel his subscription and denied his refund request. *Id*. Mr. Daly cancelled his subscription by contacting his financial institution and cancelling the payment method associated with his subscription. *Id*. Plaintiffs allege that if Amazon had made the proper disclosures under Oregon FOL and ARL, Mr. Daly would have been able to read the terms prior to purchase, "would not have subscribed at all or on the same terms," or he would have cancelled prior to the expiration of his free trial, and he would have made certain that his bank account held sufficient funds to avoid an overdraft fee in anticipation of paying an automatic charge. *Id*. Thus, Plaintiffs allege that Mr. Daly suffered economic injury as a direct result of Amazon's actions. *Id*.

    **ii. Elena Nacarino**

Plaintiff Elena Nacarino, a resident of California, signed up for a free trial of Amazon Prime around late 2019 or early 2020. *Id*. at ¶ 11. Ms. Nacarino provided her credit card information directly to Amazon prior to completing checkout, and she received an Acknowledgment Email. *Id*. Plaintiffs allege that Ms. Nacarino then attempted to cancel her subscription through the Amazon Website prior to the end of her free trial. *Id*. However, she was charged by Amazon one month later. *Id*. Ms. Nacarino then attempted to cancel by calling Amazon, but she was told they could not cancel her subscription and denied her refund request.

ORDER - 4

*Id*. Ms. Nacarino ended her automatic payments by cancelling her credit card through her bank. *Id*. Plaintiffs allege that if Amazon provided the required disclosures under California ARL, Ms. Nacarino would have been able to review the terms prior to purchase and "would not have subscribed to Amazon Prime" or would have cancelled prior to the expiration of her initial trial period. *Id*. Thus, Plaintiffs allege Ms. Nacarino suffered economic injury as a direct result of Amazon's actions. *Id*.

### iii. Susan Sylvester

Plaintiff Susan Sylvester, a California resident, purchased an Amazon Kindle Paperwhite Reader in 2019, which included a three-month free trial of Amazon's Kindle Unlimited subscription. *Id*. at ¶ 12. Ms. Sylvester provided her credit card information directly to Amazon, and she received an Acknowledgment Email. *Id*. "[S]hortly after Ms. Sylvester first noticed that her supposed free trial Amazon Subscription was not, in fact, free," she attempted to call Amazon to avoid future charges. *Id*. Approximately one year later, Ms. Sylvester reviewed her billing statements and bank history and learned she was charged for this Amazon Subscription. *Id*. Immediately after noticing this in August 2020, she called Amazon again to cancel. *Id*. However, Ms. Sylvester continued to be charged for Kindle Unlimited until January 2022. *Id*. Again, she called Amazon to cancel and request a refund for 25 months of unauthorized charges. *Id*. Only after her third call was her subscription cancelled, but she only received a refund for 12 of the 25 charges. *Id*., ¶ 150. Plaintiffs allege that if Amazon had provided the required disclosures, Ms. Sylvester could have reviewed the terms prior to purchase and "would not have unintentionally subscribed to Kindle Unlimited or she would have cancelled" prior to the expiration of the free trial. *Id*. Thus, Plaintiffs allege that Ms. Sylvester suffered economic injury as a direct result of Amazon's actions. *Id*.

ORDER - 5

### iv. Michael Sonnenschein

Plaintiff Michael Sonnenschein, a resident of California, signed up for free trials of Amazon's add-on Automatic Subscriptions to Music Unlimited and Prime Video Channels in 2017. *Id.* at ¶ 13. Mr. Sonnenschein provided his credit card information directly to Amazon prior to purchase, and he received an Acknowledgment Email after. *Id*. After learning that he was charged for these subscriptions, Mr. Sonnenschein cancelled his add-on subscription through the Amazon Website to avoid future charges. *Id*. He notified Amazon that these charges were unauthorized and requested a refund, but Amazon denied his request. *Id*. Plaintiffs allege that if Amazon had provided the required disclosures, Mr. Sonnenschein would have been able to review the terms and "would not have subscribed to Music Unlimited or Prime Video Channels," or he would have cancelled prior to the expiration of the initial period. *Id*. Thus, Plaintiffs allege that Mr. Sonnenschein suffered economic injury as a direct result of Amazon's actions. *Id*.

### III.   Analysis

Excepting Plaintiffs' UTPA and UCL claims regarding Amazon Prime and Amazon Music Unlimited, Amazon moves to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. #20 at 7-8. Amazon argues that, pursuant to 12(b)(1), the Court should dismiss Plaintiffs' requests because Plaintiffs lack Article III standing to seek relief. *Id*. Amazon further argues that, pursuant to 12(b)(6), Plaintiffs' Complaint must be dismissed because Plaintiffs fail to state any plausible claims. *Id*.

Rule 12(b)(6) allows for dismissal of a complaint due to a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal may "be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The

ORDER - 6

complaint must "contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]' requiring more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a 12(b)(6) motion, the court takes well-pleaded factual allegations as true and views them in a light most favorable to the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 125 F.3d 658, 661 (9th Cir. 1998). The court does not have to take presented legal conclusions as factual allegations or accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[.]" See *Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Dismissal without prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Creech v. Tewalt*, 84 F.4 777, 789 (9th Cir. 2023) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

The Court considers Amazon's arguments in turn below.

i. **Standing for Services Not Paid for or Used**

Amazon first moves for dismissal pursuant to Rule 12(b)(1) because Plaintiffs lack Article III standing to pursue claims for Amazon services Plaintiffs never paid for or used because they are not substantially similar, and Plaintiffs did not suffer any ascertainable loss regarding these services. Dkt. #20 at 8-13. Plaintiffs specifically interacted with Amazon Prime, Kindle Unlimited, and Add-on Subscriptions for Music Unlimited and Prime Video Channels. Dkt. #14 at ¶¶ 10-13. However, Plaintiffs allege the automatic renewal programs for other Amazon subscriptions, including but not limited to Amazon Prime Book Box, Amazon Kids+, Audible, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, and Amazon

ORDER - 7

Photos, are substantially similar and include these services in their complaint. *Id*. at ¶ 3. Plaintiffs allege that the "enrollment process for each Amazon subscription at issue is substantially the same, regardless of medium used[,]" and the automatic renewal terms are unclear, are not on the correct portion of the Checkout Page, are in smaller and not contrasting font, and are not set off from surrounding text to be clear and conspicuous. *Id*. at ¶ 68, 71, 74. Plaintiffs further allege that each Amazon Subscription fails to adequately present a cancellation policy, and Defendant's Post-Checkout Acknowledgement Emails fail to clearly and conspicuously disclose the subscription agreements, cancellation policies, or the reoccurring price. *Id*. at ¶ 87.

"[U]nder the class action mechanism, a named plaintiff may properly include allegations in his complaint involving products that he did not purchase, so long as those products are substantially similar to the products that allegedly caused his own injuries[.]" *Backus v. General Mills*, 122 F.Supp.3d 909, 923-24 (N.D. Cal. 2015). In cases where claims do not involve similar product composition, "the cases turn on whether the alleged misrepresentations are sufficiently similar across product lines." *Id*. at 924 (quoting Miller v. Ghirardelli Chocolate Co., 912 F.Supp.2d 861, 869 (N.D. Cal. 2012)).

Here, the Court finds that Plaintiffs plausibly allege that the enrollment process, renewal terms, cancellation policies, and Acknowledgment Emails for all Amazon Subscriptions at issue are "similar enough that certification of a class including subscribers of all [Amazon] Subscriptions would be appropriate." *Dutcher v. Google LLC*, 2021 WL 628347, at *3 (Cal. Super. Jan. 27, 2021). The ultimate decision of similarity is better suited for class certification.

    **ii.**    **Pre-Suit Notice**

ORDER - 8

Secondly, Amazon argues that Plaintiffs' CLRA claims related to ComiXology, Blink, Prime Video Channels, and Book Box fail because Plaintiffs did not provide adequate pre-suit notice regarding these claims. Dkt. #20 at 13.

Under the CLRA, the plaintiff must provide notice to the defendant at least 30 days prior to filing a claim, providing: (1) the particular violations; (2) demands that defendant correct repair, replace, or otherwise fix the problem; and (3) notice in writing any by certified or registered mail, return receipt requested, to the transaction location or defendant's principal place of business within California. Cal. Civ. Code § 1782.

Amazon specifically contends that Plaintiffs failed to provide notice of particular violations regarding ComiXology, Blink, Prime Video Channels, and Book Box because Plaintiffs did not mention these products in their Pre-Suit Notice Letter. Dkt. #20 at 13-14.

Ninth Circuit courts have held that, even when products are similar, a plaintiff must provide notice of the particular products plaintiff seeks damages for under the CLRA. *See Ruszecki v. Nelson Bach USA Ltd.*, 2015 WL 6750980 at *5-6 (S.D. Cal. 2015); Frenzel v. AliphCom, 2014 WL 7387150 at *12 (N.D. Cal. 2014); *Allen v. Similasan Corp.*, 2013 WL 5436648 at *3 (S.D. Cal. 2013).

For example, in *Ruszecki*, the plaintiff's notice letter included the statement "[i]n fact, all of YOUR products, not only Original Rescue drops, have no efficacy beyond a placebo[.]" *Ruszecki* at *6. However, the plaintiff's notice letter contained no allegations against the specific products of Rescue Sleep melts, Rescue gum, or Rescue kids products. *Id*. There, the court held that the plaintiff's general statement did "not comport with the rigid compliance courts have consistently required under the CLRA" and dismissed those CLRA claims. *Id*.

Here, Plaintiffs' Pre-Suit Notice Letter included the following statement:

ORDER - 9

Amazon has engaged in an illegal automatic renewal scheme with respect to its subscription plans for platform features and other products and services, including but not limited to memberships to Amazon Prime, Amazon Prime Video, Amazon Music, Amazon Music Unlimited, Amazon Subscription Boxes, Amazon Kids+ (formerly FreeTime Unlimited), Amazon Photos, Amazon Subscribe & Save, Kindle Unlimited, Audible Plus, and Audible Premium Plus (collectively, the 'Amazon Subscriptions').

Dkt. #12-4.

Like *Ruszecki*, Plaintiffs' letter contained a general statement attempting to include all Amazon subscription products but failed to specifically reference ComiXology, Blink, Prime Video Channels, and Book Box. Id.; *Ruszecki* at *6. Therefore, the Court GRANTS Amazon's Motion and DISMISSES with prejudice Plaintiffs' CLRA claims based on the products not specified in the Pre-Suit Notice Letter.

### iii.    Misrepresentations

Amazon contends that Plaintiffs' claims under the FAL, CLRA, UCL, and common law negligent misrepresentation and fraud fail because the alleged misrepresentations are not misrepresentations, Plaintiffs cannot have claims for alleged misrepresentations they never read, and Plaintiffs' do not meet the heightened pleading requirements of Federal Rules of Civil Procedure 9(b). Dkt. #20 at 14-18. Plaintiffs' allegations are considered in turn below.[1]

**1. UTPA & UCL Violations**

Pursuant to Oregon's UTPA and California's UCL, Plaintiffs allege Amazon violated California's and Oregon's Automatic Renewal Laws by: (a) failing to present the automatic renewal terms clearly and conspicuously and in visual proximity to the consent request prior to subscribing; (b) failing to obtain affirmative consent; (c) failing to provide an acknowledgment

---

[1] Amazon's Motion to Dismiss does not include Plaintiffs' UTPA and UCL claims regarding Amazon Prime and Amazon Music Unlimited. Dkt. #20 at 2. However, because all of Plaintiffs' claims are based on fraudulent, unlawful misrepresentation under Oregon and California ARL, the Court considers all of Plaintiffs' claims.

ORDER - 10

with the required terms and information; and (d) failing to provide an adequate cancellation policy. Dkt. #14 at ¶ 73.

**(a) Automatic Renewal Terms**

Pursuant to California ARL § 17602(a)(1) and Oregon ARL § 646A.293, ARL-compliant automatic renewal offer terms must make the following clear and conspicuous disclosures:

(1) That the subscription will continue until the consumer cancels;

(2) The description of the cancellation policy that applies to the offer;

(3) The recurring charges that will be charged to the consumer's method of payment, that the amount of the charge may change, and the amount it will change to, if known;

(4) The length of the automatic renewal term or that the service is continuous; and

(5) The minimum purchase obligation, if any. Cal. Bus. & Prof. Code § 17601; ORS § 646A.293.

For the terms, "clear and conspicuous" means in larger type than surrounding text or in contrasting type, font, or color to the surrounding text of the same size, or text set off from surrounding text by symbols or other marks in a manner that clearly calls attention to the language. Cal. Bus. & Prof. Code § 17601(c); ORS § 646A.293(2). These terms must be presented prior to the subscription being fulfilled and in visual proximity to the request for consent to the offer, and, if including a free trial, must include a clear and conspicuous explanation of the price that will be charged when the trial ends. Cal. Bus. & Prof. Code § 17602(a)(1); ORS § 646A.295(1)(a).

In *Viveros v. Audible, Inc.*, the court considered the offer terms of an Amazon Audible free trial subscription offer. 2023 WL 6960281 at *7-8 (W.D. Wn. 2023). There, the Checkout Page included the language "Membership continues until cancelled for $14.95/mo. +taxes.

ORDER - 11

Cancel anytime via Account Details." *Id*. at *7.  The paragraph above this language included a blue hyperlink to Audible's "Conditions of Use," which included the complete offer terms.  *Id*. at *8.  The court held that the language included all the required clear and conspicuous disclosures under § 17601, and the cancellation policy was sufficient.  *Id*. at *7-8.

Similarly, the Court concludes that Amazon's subscription and cancellation terms are sufficient under California ARL § 17602(a)(1) and Oregon ARL § 646A.293.  Plaintiffs' Complaint shows that Amazon's Checkout Pages and Acknowledgement Emails state prices such as "12.99/month + any taxes," that subscribers may visit Account Settings to "cancel any time," and contain blue hyperlinks to the Conditions and Terms of Use, and Plaintiffs argue are that all the subscription offers and terms are substantially similar.  Dkt. #14 at ¶¶ 69, 70, 78, 89.  Accordingly, the Court finds that Amazon's price disclosures do not amount to misrepresentations, and that Amazon's various cancellation policies contain the required information under California's and Oregon's Automatic Renewal Laws.  Cal. Bus. & Prof. Code § 17601(b); ORS 646A.293.

**(b) Affirmative Consent**

Plaintiffs next contend that Amazon fails to obtain consumers' affirmative consent:

> "Defendants do not at any point during the checkout process require consumers to read or affirmatively agree to any terms of service associated with their Amazon subscriptions e.g., by requiring customers to select or click a 'checkbox' next to the automatic renewal offer terms to complete the checkout process."

Dkt. #14 at ¶ 80.

California and Oregon Automatic Renewal Law require businesses to obtain affirmative consent before charging a consumer's credit card, debit card, or account. Cal. Bus. & Prof. Code § 17602(a)(2); ORS 646A.295(1)(b).

ORDER - 12

The Court rejected a similar argument in *Viveros*. There, the plaintiffs argued that affirmative consent required "something akin to 'a separate checkbox for the automatic renewal.'" 2023 WL 6960281 at *8. The Court disagreed, reasoning that affirmative consent requires that renewal policies must be conspicuously disclosed in plain language, but "[i]t does not, however, require a separate checkbox indicating consent to the automatic renewal terms." *Id.* (citing *Hall v. Time*, 2020 WL 2303088 at *4 (C.D. Cal. Mar. 13, 2020). In *Hall*, the court held that the plaintiff "affirmatively consented to the agreement containing terms by entering her payment information and submitting her order after receiving notice of those terms." 2020 WL 2303088 at *4. On appeal, the Ninth Circuit affirmed, rejecting the plaintiff's argument that the ARL requires "a consumer's affirmative consent to the automatic renewal offer terms, separate from and in addition to 'the agreement containing [the] automatic renewal offer terms.'" *Hall v. Time*, 857 F. App'x 385, 386 (9th Cir. 2021). The Ninth Circuit determined that the plaintiff's argument was an "extra-textual reading of the provision . . . [that] contravenes California's principles of statutory interpretation." *Id.* at 386. Similarly, in *Walkingeagle v. Google LLC*, the District Court of Oregon interpreted the nearly identical language of Oregon's ARL, holding that affirmative consent only requires "consumers [to be] presented with the automatic renewal terms in a clear and conspicuous manner before having the option to start the trial." 2023 WL 3981334 at *5 (D. Or. June 12, 2023).

Having concluded above that Amazon satisfied the disclosure obligations of California and Oregon ARL, the Court concludes that "Plaintiffs affirmatively consented to 'the agreement containing the automatic renewal offer terms' when they visited the 'Check Out' page[s], entered their billing information, and clicked the . . . button." *Viveros* at *8 (quoting *Hall*, 2020 WL

ORDER - 13

2303088, at *4).  The Court holds that Amazon obtained Plaintiffs' affirmative consent as required by California ARL § 17602(a)(2) and Oregon ARL 646A.295(1)(b).

**(c) Acknowledgment**

California ARL § 17602(a)(3) and Oregon ARL 646A.295(1)(c) make it unlawful to:

> Fail to provide an acknowledgement that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.  If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel, and allow the consumer to cancel, the automatic renewal or continuous service before the consumer pays for the goods or services.

Cal. Bus. & Prof. Code § 17602(a)(3); ORS 646A.295(1)(c).  For automatic renewal offers, the business must further provide "a toll-free telephone number, electronic mail address, a postal address . . . or it shall provide another cost effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgement[.]" Cal. Bus. & Prof. Code § 17602(c); ORS 646A.295(2).

Plaintiffs' argument focuses on Amazon's confirmation emails sent after customers subscribe to the various free trials.  Dkt. #14 at ¶ 82-94.  Similar to the requirement for the Checkout Pages, the Court concludes that Amazon's acknowledgment emails include the required information regarding the renewal terms.  *See id.* at ¶ 83-85.

However, the Court is not persuaded that Amazon's acknowledgment satisfies California or Oregon ARL regarding the cancellation policy and disclosures on how to cancel.  In *Morrell v. WW International, Inc.*, the court held that an acknowledgment email merely instructing customers to find "instructions on how to cancel . . . in the Help section of the [WW] site[,]" providing "no summary of, or clear means of accessing, the cancellation policy[,]" and failing to provide a "timely" or "easy-to-use" cancellation method but simply directing customers to the

ORDER - 14

"Help" page failed to meet the requirements of California ARL § 17602. 551 F. Supp. 3d 173, 185-86 (S.D. New York 2021).

Here, the Court concludes that Amazon's acknowledgement emails similarly fail to meet the ARL requirements. Per the screenshots provided in Plaintiffs' Complaint, Amazon's acknowledgment emails simply contain the statement that consumers may "cancel any time" without any further information on how to cancel or where to find information on the steps to cancel. See Dkt. #14 at ¶ 83-85. The emails do include what appears to be hyperlinks with the instructions "[r]eview your subscription by visiting Amazon [subscription] settings" or "[t]o learn more or make changes, manage your Prime membership." *Id*. (emphasis added). It is not clear to the Court that this meets the requirements of either Oregon or California ARL, thus these findings of fact are better left to a jury. Plaintiffs have made a *prima facie* showing that an ARL violation occurred related to the acknowledgement emails.

**(d) Cancellation**

Plaintiffs further allege that Amazon's subscriptions made it "exceedingly difficult" for Plaintiffs to cancel their subscriptions. *Id*. at ¶ 73. As mentioned above, California and Oregon ARL require businesses to provide a "timely, and easy to-use-mechanism for cancellation" in the acknowledgements. Cal. Bus. & Prof. Code § 17602(c); ORS 646A.295(2). Under California ARL, businesses that allow consumers to accept automatic renewals must offer cancellations that are "exclusively online, at will, and without engaging any further steps that obstruct or delay" immediate cancellation. Cal. Bus. & Prof. Code § 17602(d). The business must offer this direct cancellation method either through a "prominently located direct link or button which may be located within either a customer account or profile, or within either device or user settings" or by "an immediately accessible termination email[.]" *Id*. Plaintiffs describe in their Complaint

ORDER - 15

multiple instances of consumers struggling to cancel their subscription, being unable to cancel via phone, failing to successfully cancel online after multiple attempts, or ultimately having to end their subscriptions by cancelling their payment methods within Amazon Settings or through their financial institutions. *Id.* at ¶¶ 111-76. Accordingly, the Court concludes that Plaintiffs have made a *prima facie* showing that an ARL violation occurred related to the cancellation mechanisms.

### 2. California False Advertising Law

Plaintiffs re-allege and incorporate the same facts and allegations above in their FAL claims. Dkt. #14 at ¶ 254. California's FAL provides:

> It is unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known or which by the exercise of reasonable care should be known, to be untrue or misleading.

Cal. Bus. & Prof. Code § 17500. Specifically, Plaintiffs' FAL claims relate to Amazon's "cancel any time" statements and the terms of payment. *Id.* at ¶ 258. The Court concluded above that Plaintiffs made a *prima facie* showing that Amazon's statements of "cancel any time" and its cancellation mechanism violate California and Oregon ARL. Accordingly, the Court concludes that Plaintiffs have made a *prima facie* showing that Amazon's actions violated California FAL by disseminating alleged untrue or misleading statements.

### 3. California's Consumer Legal Remedies Act

Plaintiffs re-allege and incorporate the same facts and allegations as above in their CLRA claims. Dkt. #14 at ¶ 263. Plaintiffs allege that Amazon violated the CLRA: (1) through misrepresentation which deceive consumers that the Amazon Subscriptions have certain

ORDER - 16

characteristics or uses, which they do not; and (2) by advertising good without the intent to sell them as advertised. Cal. Civ. Code § 1770. Similar to the above FAL claims, the Court concludes that Plaintiffs have made a *prima facie* showing that Amazon's actions violated the CLRA through Plaintiffs' alleged reliance on Amazon's statements and alleged economic injury.

### 4. Common Law Claims

Finally, Plaintiffs bring claims against Amazon for conversion, unjust enrichment, negligent misrepresentation, and fraud, incorporating the same facts and allegations as the above claims. Dkt. #14 at ¶¶ 271-294. Specifically, Amazon argues that Plaintiffs' unjust enrichment and conversion claims are "threadbare" because they are conclusory and insufficient. Dkt. #20 at 21.

As Amazon argues in its Motion, conversion occurs "if the party charged with conversion wrongfully received the money, or if that party had an obligation to return the money to the party claiming it." *Id*. at 21 (quoting *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 817-18, 239 P.3d 602 (2010)). At least one of Amazon's Acknowledgment Emails contain terms for a refund, stating that "[i]f you cancel within 3 business days of converting to a paid membership, we will refund your full membership fee, less the value of . . . benefits used during this period." Dkt. #14 at ¶ 83. All Plaintiffs allege that they immediately attempted, either after learning of charges or before their initial trial period ended, to cancel their subscriptions but struggled to successfully cancel due to Amazon's allegedly confusing cancellation process. *See id.* at ¶¶ 10-13. The Court concludes that Plaintiffs have made a *prima facie* showing of conversion.

Amazon argues that Plaintiffs fail to successfully bring claims for unjust enrichment or restitution because Plaintiffs affirmatively consented to valid agreements. Dkt. #20 at 21. As Amazon quotes, "parties to a valid, binding contact may not claim unjust enrichment on the same

matters governed by that contract." *Id*. (quoting *Empire Health found v. CHS/Cmty. Health Sys. Inc.*, 370 F. Supp. 3d 1252, 1262-63 (E.D. Wash. 2019)).

"When confronted with a claim for unjust enrichment, courts [applying California Law] should overlook the label [of 'unjust enrichment'] and determine if the plaintiff states a claim for restitution." *Morrell*, 555 F. Supp. 3d at 186 (quoting Dutcher v. Google LLC, 2021 WL 628347 at *6 (Cal. Super. Jan. 27, 2021)).  Thus, a plaintiff's claims of "unjust enrichment should be 'construe[d] . . . as an attempt to plead a cause of action of action giving rise to a right to restitution." *Morrell* at 186 (quoting *McBride v. Boughton*, 123 Cal.App.4th 379, 20 Cal. Rptr. 3d 115, 121 (2004)).

California ARL provides that if a business sends goods or products to a consumer, under an automatic renewal agreement, without first obtaining affirmative consent, these goods or products are an "unconditional gift" to the consumer.  Cal. Bus. & Prof. Code § 17603. "'In other words, when a product is delivered to a consumer in violation of the ARL, it is not considered a product that has been sold, but is considered a gift.' Therefore, 'when the [d]efendant collected money for the gift, it injured [the p]laintiff." *Morrell* at 186-87 (quoting Lopez v. Stages of Beauty, LLC, 307 F. Supp. 3d 1058, 1070 (S.D. Cal. 2018)).

As the *Morrell* court reasoned, "the plaintiff[s'] claim can be construed as an attempt to plead a cause of action giving rise to a right of restitution." *Id*. at 187.  Plaintiffs' have provided a *prima facie* showing that Amazon violated Oregon and California ARL, "and goods and services delivered in violation of the ARL 'shall for all purposes be deemed an unconditional gift to the consumer.'" *Id*. (quoting Cal. Bus. & Prof. Code § 17603)).  Therefore, the Court concludes that Plaintiffs have made a *prima facie* showing for unjust enrichment or restitution.

      iv.      **Fair Notice of Basis for Kindle Unlimited and Prime Video Channels Claims**

ORDER - 18

Finally, Amazon argues that Plaintiffs provided no notice of the basis for their claims related to Kindle Unlimited and Amazon Prime Video Channels because Plaintiffs did not include screenshots of the Checkout Pages, Acknowledgment Emails, or cancellation processes for these products.  Dkt. #14 at 19-20.

However, Plaintiffs' Complaint provided these screenshots for Amazon Prime and Music Unlimited.  See Dkt. #20 at ¶¶ 69-70, 83-84.  Plaintiffs argue that the Checkout Pages and Acknowledgment Emails for the Amazon Subscriptions are "substantially the same."  *Id*. at ¶¶ 68, 78, 85.  Though there are no screenshots, Plaintiffs specifically detail the processes Ms. Sylvester and Mr. Sonnenschein went through regarding Kindle Unlimited and the Prime Subscription Videos enough to plausibly show that class certification is warranted in this case.  *Id*. at ¶¶ 12-13.  Accordingly, the Court concludes that Plaintiffs provided sufficient notice to Amazon regarding Plaintiffs' claims.[2]

### IV.   CONLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant Amazon's Motion to Dismiss, Dkt. #20, is GRANTED IN PART.  Plaintiffs' California Consumer Legal Remedies Act claims pertaining to services not specified in Plaintiffs' Pre-Suit Notice Letter (ComiXology, Blink, Prime Video Channels, and BookBox) are DISMISSED with prejudice.  Defendant Amazon's Motion is DENIED as to all other claims.

(2) The parties are to promptly propose a class certification briefing schedule.

---

[2] This excepts Plaintiffs' CLRA claims concerning the Amazon Prime Video Channels, which Plaintiffs did not adequately provide notice of to Amazon.

ORDER - 19

DATED this 26th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 20