THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**IN RE AMAZON SUBSCRIPTION SERVICES LITIGATION**

Case No.: 2:22-cv-00910-RSM

**DEFENDANTS AMAZON.COM, INC.'S AND AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**

Defendants Amazon.com, Inc. and Amazon.com Services LLC hereby submit the following Answer and Affirmative Defenses in response to the Second Consolidated Amended Complaint ("SCAC") filed by Plaintiffs Thomas Dorobiala, Mark Daly, Elena Nacarino, Susan Sylvester, Michael Sonnenschein, and Cynthia Adams (collectively, "Plaintiffs").

## GENERAL RESPONSE

Except as expressly admitted herein, Defendants deny the allegations set forth in the SCAC. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the SCAC. To the extent allegations in a numbered paragraph of the SCAC purport to cite to, refer to, or characterize allegations in other paragraphs of the SCAC, Defendants incorporate and reassert each such paragraph as if set forth fully therein. To the extent the paragraphs in the SCAC are grouped under headings and subheadings, Defendants respond generally that such headings and subheadings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny each heading and subheading in the SCAC and incorporate by reference this response in each paragraph below as if fully set forth therein.

Plaintiffs' use of footnotes throughout the SCAC does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below. By not responding to the noncompliant footnotes throughout the SCAC, Defendants do not admit to or otherwise acknowledge the truth of any of those footnotes or materials to which they refer. Where the SCAC cites to external sources, those sources speak for themselves; therefore, Defendants neither admit nor deny the contents or accuracy of those sources.

The Court's February 26, 2024, Order (Dkt. 37, "Order") dismissed with prejudice Count V (California's Consumers Legal Remedies Act ("CLRA")) as to ComiXology Unlimited, Blink For Home, Amazon Prime Video Channels, and Amazon Prime Book Box. The Court's Order further found that Defendants provided clear and conspicuous disclosures of the automatic renewal

offer terms for the Amazon Subscriptions[1] that satisfied the Automatic Renewal Law ("ARL") of Oregon (ORS 646A.295(1)(a)) and of California (Cal. Bus. & Prof. Code § 17602(a)(1)) and that Amazon's cancellation policies contain the required information for purposes of Cal. Bus. & Prof. Code § 17601(b) and ORS 646A.293. The Order further found that Amazon obtained Plaintiffs' affirmative consent as required by Cal. Bus. & Prof. Code § 17602(a)(2) and ORS 646A.295(1)(b) and that Amazon provided an acknowledgment that included renewal terms as required by Cal. Bus. & Prof. Code § 17602(a)(2) and ORS 646A.295(1)(c). Therefore, no response to any such related allegation is required.

## I. INTRODUCTION

1. Defendants admit that Plaintiffs purport to bring this action concerning Amazon Prime Video, Amazon Prime Video Channels, Amazon Music, Amazon Music Unlimited, Amazon Prime Book Box, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, Amazon Kids+, Amazon Photos, Kindle Unlimited, Audible, and Audible Premium Plus.

2. Defendants admit that Amazon is a retailer and that it provides cloud and web-based products and services. Defendants admit that Amazon offers subscription services, including Amazon Prime, and that it offers its Amazon Prime subscribers benefits, including free shipping. Defendants admit that Amazon is open to all shoppers. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit that an annual Amazon Prime membership is currently $139 a year. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore deny them.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

---

[1] As used in this document, "Amazon Subscriptions" means Amazon Prime, Amazon Prime Video, Amazon Prime Video Channels, Amazon Music Unlimited, Amazon Prime Book Box, Amazon Kids+, Kindle Unlimited, Audible, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, and Amazon Photos.

8. Defendants deny the allegations in Paragraph 8.

9. The images in Paragraph 9 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 9; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 9.

10. To the extent the allegations in Paragraph 10 refer to the images in Paragraph 9, the images in Paragraph 9 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 9; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 refer to the images in Paragraph 9, the images in Paragraph 9 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 9; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 11.

12. The image in Paragraph 12 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 12; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 12.

13. The image in Paragraph 13 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 13; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 13.

14. The image in Paragraph 14 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 14; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 14.

15. The image in Paragraph 15 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 15; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 15.

16. The images in Paragraph 16 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 16; therefore,

Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 refer to the images in Paragraph 16, the images in Paragraph 16 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 16; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 17.

18. The image in Paragraph 18 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 16; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 18.

19. To the extent the allegations in Paragraph 19 refer to the image in Paragraph 18, the image in Paragraph 18 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 18; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 19.

20. The images in Paragraph 20 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 20; therefore, Defendants do not admit or deny their contents.

21. To the extent the allegations in Paragraph 21 refer to the images in Paragraph 20, the images in Paragraph 20 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 20; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 21.

22. To the extent the allegations in Paragraph 22 refer to the images in Paragraphs 9,12, 14, 16, 18, and 20, the images in Paragraphs 9, 12, 14, 16, 18, and 20 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraphs 9, 12, 14, 16, 18, and 20; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that the FTC investigated the cancellation process for an Amazon Prime subscription and that the FTC issued civil investigative demands as part of its investigation

and asked Amazon to provide certain information. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants admit that the EU Commission investigated the cancellation process for an Amazon Prime subscription. Defendants admit that Amazon modified the Prime cancellation process in Amazon's European online store in 2022. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit that Amazon offers other subscription services in addition to Amazon Prime. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants admit that, among other things, Amazon operates as a retailer and provides cloud- and web-based products and services, including the Amazon Subscriptions. Defendants admit that Amazon owns and operates various websites and apps. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit that Amazon markets, advertises, and sells memberships to Amazon Prime, Amazon Prime Video, Amazon Prime Video Channels, Amazon Music Unlimited, Amazon Prime Book Box, Amazon Kids+, Kindle Unlimited, Audible, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, and Amazon Photos throughout the United States.

28. Defendants admit that customers typically provide their billing information to Amazon in order to sign up for Amazon's subscription services. Defendants admit that for an Amazon Subscription, customers typically are charged on a monthly or annual basis. Defendants deny the remaining allegations in Paragraph 28.

29. Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

31. Defendants admit that some customers who purchase an Amazon Subscription can choose to enroll in a free trial that automatically renews at the end of the trial period, or they can

choose a paid monthly or annual subscription. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny they committed any unlawful conduct. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

35. Defendants deny they committed any unlawful conduct. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

## II. JURISDICTION

36. Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

37. Defendants deny that Plaintiffs have been harmed or injured by Amazon's conduct. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore deny them.

38. Defendants admit that Amazon.com, Inc. and Amazon.com Services LLC are headquartered in Washington State and that the Court has personal jurisdiction over Defendants.

## III. VENUE

39. Defendants admit that Amazon.com, Inc. and Amazon.com Services LLC are headquartered in this District. The remaining allegations in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

40. Defendants admit that Amazon's Conditions of Use contain a venue provision specifying the state or federal courts in King County, Washington.

## IV. PARTIES

41. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny them.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit that, after customers sign up for an Amazon Subscription, Amazon sends an acknowledgment email confirming their subscription. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny them.

45. Defendants admit that, after customers sign up for an Amazon Subscription, Amazon sends an acknowledgment email confirming their subscription. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45 regarding Plaintiff Daly and therefore deny them. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46 regarding Amazon's acknowledgment email. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

47. Defendants deny that they "automatically convert" trial subscriptions into paid subscriptions. To the extent Paragraph 47 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 47 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the First Consolidated Amended Complaint ("FCAC") allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack

sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

48. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny them.

49. To the extent Paragraph 49 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 49 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore deny them.

50. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 50 and therefore deny them.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore deny them.

55. Defendants deny that the cancellation process for Amazon Prime is difficult or confusing. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore deny them.

56. Defendants deny that the Amazon Prime cancellation policy is obscure, confusing, and time-consuming or that the terms were missing from the acknowledgment email. Defendants deny that they violated Oregon's Free Offer Law ("FOL"). Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

57. Defendants deny that the acknowledgment email fails to disclose Amazon's cancellation policy or to provide an explanation of how to cancel an Amazon Subscription. The allegations regarding statements on Amazon's website speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

58. Defendants deny that they violated the FOL, that they failed to disclose their cancellation policy in a manner capable of being retained, or that the acknowledgment email was in any way deficient. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 and therefore deny them.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny that they engaged in unlawful conduct or that they caused Plaintiff Daly economic injury. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 66 and therefore deny them.

67. Defendants admit that, after customers sign up for an Amazon Subscription, Amazon sends an acknowledgment email confirming their subscription. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants deny that the acknowledgment email was missing any information or was otherwise deficient. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68 and therefore deny them.

69. Defendants admit that the monthly price for an Amazon Prime subscription in 2020 was $12.99. To the extent Paragraph 69 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 69 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69 and therefore deny them.

70. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 70 and therefore deny them.

71. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 71 and therefore deny them.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny that the acknowledgment email violated any statute or that it omitted material information. Defendants deny that Amazon Prime's cancellation process is obscure, confusing, or time-consuming. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73 and therefore deny them.

74. To the extent Paragraph 74 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 74 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt,

Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 74 and therefore deny them.

75. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 75 and therefore deny them.

76. Defendants deny that the acknowledgment email failed to disclose Amazon's cancellation policy or to provide an explanation of how to cancel an Amazon Subscription. The allegations regarding statements on Amazon's website speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76 and therefore deny them.

77. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore deny them.

78. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Nacarino's awareness and therefore deny them. Defendants deny the remaining allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 85 and therefore deny them.

86. Defendants deny that the acknowledgment email did not include the complete automatic renewal terms for Kindle Unlimited, a description of Amazon's full cancellation policy, or information on how to cancel in a manner capable of being retained. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86 and therefore deny them.

87. Defendants deny that Amazon's disclosures were missing or otherwise deficient. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 87 and therefore deny them.

88. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 88 and therefore deny them. To the extent Paragraph 88 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 88 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them.

89. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 89 and therefore deny them.

90. Defendants deny that Amazon fails to put customers on notice of the length of their free trial period or of the recurring amount that will be charged for an Amazon Subscription. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 and therefore deny them.

91. Defendants deny that Amazon's cancellation policy for Kindle Unlimited is obscure, confusing, time-consuming, or not easy to use. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91 and therefore deny them.

92. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 92 and therefore deny them.

93. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 93 and therefore deny them. To the extent Paragraph 93 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 93 challenges

the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them.

94. The image in Paragraph 94 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 94; therefore, Defendants do not admit or deny its contents. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94 and therefore deny them.

95. Defendants deny that they charge customers for Amazon Subscriptions without their authorization. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95 and therefore deny them. To the extent Paragraph 95 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 95 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them.

96. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 96 and therefore deny them.

97. Defendants deny that Amazon failed to disclose the automatic renewal terms for Kindle Unlimited. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 97 and therefore deny them.

98. Defendants deny that they engaged in unlawful conduct. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98 and therefore deny them.

99. Defendants deny that Amazon fails to put customers on notice of the cancellation policy or fails to provide information regarding how to cancel an Amazon Subscription in a manner capable of being retained. Defendants deny that Amazon violated any law. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 99 and therefore deny them.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 106 and therefore deny them.

107. Defendants deny that the acknowledgment email did not include the complete automatic renewal terms for Amazon Add-On Subscriptions, a description of Amazon's full cancellation policy, or information on how to cancel in a manner capable of being retained. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107 and therefore deny them.

108. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 108 and therefore deny them.

109. The allegations in Paragraph 109 regarding consent consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them. To the extent Paragraph 109 includes allegations that

Plaintiffs did not consent to Amazon's disclosures or that Paragraph 109 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them.

110. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff's experiences and therefore deny them. Defendants deny the remaining allegations in Paragraph 110.

111. To the extent Paragraph 111 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 111 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

112. Defendants deny that Amazon caused Plaintiff Sonnenschein financial injury or that it charged Plaintiff Sonnenschein any fees without his consent. To the extent Paragraph 112 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 112 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and

should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 112 and therefore deny them.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. To the extent Paragraph 115 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 115 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 119 and therefore deny them.

120. Defendants admit that, after customers sign up for an Amazon Subscription, Amazon sends an acknowledgment email confirming their subscription. Defendants deny the remaining allegations in Paragraph 120.

121. To the extent Paragraph 121 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 121 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent

are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations in Paragraph 121.

122. To the extent Paragraph 122 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 122 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations in Paragraph 122.

123. To the extent Paragraph 123 includes allegations that Plaintiffs did not consent to Amazon's disclosures, or that Paragraph 123 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations of Paragraph 123.

124. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 124 and therefore deny them.

125. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 125 and therefore deny them.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff and her experiences in Paragraph 127 and therefore deny them. Defendants deny the remaining allegations in Paragraph 127.

128. To the extent Paragraph 128 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 128 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 128 and therefore deny them.

129. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 129 and therefore deny them.

130. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 130 and therefore deny them.

131. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff and her experiences in Paragraph 131 and therefore deny them. Defendants deny the remaining allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. To the extent Paragraph 135 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 135 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants admit that Amazon.com, Inc. is a Delaware corporation, is registered with the Washington Secretary of State, and has its principal headquarters in Seattle, Washington. Defendants deny the remaining allegations in Paragraph 138.

139. Defendants admit that Amazon Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. Defendants admit that Amazon Services LLC has done business in Oregon, California, Washington, Virginia, and the United States during the relevant time periods. Defendants also admit that Amazon Services LLC owns, operates, advertises, and markets many of the Amazon Subscriptions at issue in this case. Defendants also admit that Amazon Services LLC is a wholly owned subsidiary of Amazon.com, Inc. Defendants deny the remaining allegations in Paragraph 139.

140. Defendants admit that Amazon offers access to Amazon-branded content, products, and services, and, in some instances, the content, products, and services require customers to pay a subscription fee. Defendants also admit that some of their content, products, and services are marketed to consumers through the websites and apps. Defendants admit that they have done business with consumers in Oregon and California. Paragraph 140 includes legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny the remaining allegations in Paragraph 140.

## V. STATEMENT OF FACTS

141. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 141 and therefore deny them.

142. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 142 and therefore deny them.

143. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 143 and therefore deny them.

144. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 144 and therefore deny them.

145. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 145 and therefore deny them.

146. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 146 and therefore deny them.

147. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 147 and therefore deny them. Defendants deny the remaining allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants admit that the Prime membership cancellation process in Europe was modified. Defendants deny the remaining allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 152 and therefore deny them.

153. Defendants admit that Amazon Prime launched around February 2005 and offers Amazon Prime users many benefits, including faster and free deliveries, streaming and digital benefits, shopping benefits, and access to digital books. Defendants deny that Prime Video debuted in September 2006 as Amazon Unbox and deny that it was rebranded twice. Defendants admit that the word "Instant" was dropped from Prime Video's title in or around September 2015. Defendants also admit that Prime Video is offered as a benefit of the basic Prime subscription and as a standalone subscription to non-Prime members and that it allows customers to stream thousands of movies and TV shows. Defendants admit that Amazon launched Amazon Prime Video Channels in 2015, which are additional, paid subscriptions that allow users to add the content they want from third-party premium networks and other streaming entertainment channels. Defendants admit that Amazon Prime Video Channels are separate from the Prime subscription

and must be purchased separately. Defendants admit that Amazon announced the Subscribe & Save program in May 2007. Defendants admit that Amazon acquired Audible in 2008 and began offering Audible subscription plans for access to audiobooks and podcasts. Defendants admit that, in July 2014, Amazon introduced Kindle Unlimited, a subscription offering that provides consumers with access to a library of book titles, audiobooks, and magazines. Defendants admit that Kindle benefits are accessible via the Amazon Kindle devices, which are a series of e-readers designed and marketed by Amazon. Defendants admit that, in November 2014, Amazon launched Amazon Photos, which allows consumers to purchase online storage subscription for photos and videos. Defendants admit that, in May 2016, Amazon launched ComiXology Unlimited, a subscription service offering access to comics from independent publishers. Defendants also admit that the current subscription rate for ComiXology Unlimited is $5.99 per month. Defendants admit that, in late 2016, Amazon launched Amazon Music Unlimited, a subscription program that provides paying subscribers with unlimited access to a music streaming catalog. Defendants also admit that Amazon Music Unlimited is offered as a paid, premium version of Amazon Music Prime, which is the limited version included with an Amazon Prime subscription. Defendants admit that, in 2018, Amazon launched its subscription box store and began selling the Amazon Subscription Boxes shortly thereafter. Defendants admit that Amazon Prime Book Box is a subscription that delivers hand-picked children's books at varying time intervals. Defendants admit that Amazon Kids+ (formerly FreeTime Unlimited) was launched around September 2020 and provides paid subscribers with access to kid-friendly books, movies, TV shows, educational apps, and games. Defendants admit that, in 2021, Amazon launched two Blink subscription plans, Basic and Plus, and that both plans are offered on Amazon's website. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 153 and therefore deny them.

154. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 154 and therefore deny them.

155. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 155 and therefore deny them.

156. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 156 and therefore deny them.

157. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 157 and therefore deny them.

158. Defendants deny that Amazon implements tactics and processes that make it difficult for consumers to cancel their subscriptions. Defendants admit that during Amazon's second quarter earnings conference call held on July 29, 2021, Amazon's CFO Brian Olsavsky stated that Amazon has been "fortunate to welcome more than 50 million new members in the past 18 months" and that "we continue to be very pleased with the Prime member growth and engagement we're seeing." Defendants deny the remaining allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants deny the allegations in Paragraph 160.

161. Defendants deny that they use "dark patterns." Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 161 and therefore deny them.

162. Defendants deny the allegations regarding "shady contact" and "dark patterns" in Paragraph 162. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

163. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 163 and therefore deny them.

164. To the extent Paragraph 164 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 164 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-

up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding consent are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations regarding news articles and therefore deny them. Defendants deny the remaining allegations in Paragraph 164.

165. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 165 and therefore deny them.

166. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 166 and therefore deny them.

167. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 167 and therefore deny them.

168. Defendants deny the allegations in Paragraph 168.

169. Paragraph 169 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

170. Paragraph 170 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

171. Paragraph 171 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

172. Paragraph 172 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

173. Paragraph 173 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

174. Paragraph 174 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

175. Paragraph 175 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

176. Paragraph 176 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

177. Paragraph 177 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

178. Paragraph 178 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations, and therefore deny them.

179. Paragraph 179 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

180. Paragraph 180 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

181. Paragraph 181 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

182. Paragraph 182 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

183. Paragraph 183 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

184. Paragraph 184 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

185. Paragraph 185 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

186. Paragraph 186 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

187. Paragraph 187 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

188. Paragraph 188 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants admit that Amazon offers

free trials for many of the subscription services but deny that the free trials are automatically converted to paid subscriptions upon expiration without further authorization.

189. Paragraph 189 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

190. Paragraph 190 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

191. Paragraph 191 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

192. Paragraph 192 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

193. Paragraph 193 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

194. Paragraph 194 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

195. Paragraph 195 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

196. Paragraph 196 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

197. Paragraph 197 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

198. Paragraph 198 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

199. Paragraph 199 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

200. Paragraph 200 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

201. Paragraph 201 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

202. Paragraph 202 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

203. Paragraph 203 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

204. Paragraph 204 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

205. Defendants deny that they "convert" trial subscriptions into paid subscriptions. Defendants also deny that the Amazon Subscriptions constitute automatic renewal and/or continuous service plans or arrangements under the California, Virginia, and Oregon ARLs. Defendants admit that they offer various Amazon Subscriptions for access to Amazon content, products, and/or services on a contract or fee basis. Defendants admit that the current standard monthly Amazon Prime subscription is $14.99 per month. Defendants admit that the current standard monthly Amazon Music Unlimited subscription is $9.99 per month. Defendants admit that customers enrolled in the Amazon Subscriptions are charged until they choose to cancel their subscriptions. Defendants deny the remaining allegations in Paragraph 205.

206. Defendants admit that a consumer interested in a subscription service must identify it and enroll through an Amazon website or app. Defendants deny the remaining allegations in Paragraph 206.

207. Defendants admit that consumers interested in a subscription service can sign up through an Amazon website or app. Defendants also admit that they provide some of their services and products on a free-trial basis for a limited time. Defendants admit that consumers are typically prompted to provide payment information before completing a purchase. Defendants deny the remaining allegations in Paragraph 207.

208. Defendants deny the allegations in Paragraph 208.

209. The images in Paragraph 209 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 209; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 209.

210. The images in Paragraph 210 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 210; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 210.

211. Defendants deny the allegations in Paragraph 211.

212. Defendants deny the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants admit that they typically send acknowledgment emails after consumers subscribe to one of the Amazon Subscriptions. Defendants deny the remaining allegations in Paragraph 214.

215. The images in Paragraph 215 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 215; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 215.

216. The images in Paragraph 216 speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraph 216; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 216.

217. The image in Paragraph 217 speaks for itself. Defendants lack sufficient information to form a belief as to the truth or falsity of the image in Paragraph 217; therefore, Defendants do not admit or deny its contents. Defendants deny the remaining allegations in Paragraph 217.

218. Defendants deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

220. Defendants admit that the acknowledgment emails customers receive contain relevant language indicating that the subscription or purchasing agreement will continue until the customers cancel. Defendants also admit that the acknowledgment emails customers receive provide the length of the automatic renewal term and indicate that the service is continuous. Defendants deny the remaining allegations in Paragraph 220.

221. To the extent the allegations in Paragraph 221 refer to the images in Paragraphs 215, 216, and 217, the images speak for themselves. Defendants lack sufficient information to form a belief as to the truth or falsity of the images in Paragraphs 215, 216, and 217; therefore, Defendants do not admit or deny their contents. Defendants deny the remaining allegations in Paragraph 221.

222. Defendants deny the allegations in Paragraph 222.

223. Defendants deny the allegations in Paragraph 223.

224. Defendants deny the allegations in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225.

226. Defendants deny the allegations in Paragraph 226.

## VI. CLASS ACTION ALLEGATIONS

227. Defendants deny the allegations in Paragraph 227.

228. Paragraph 228 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

229. Defendants deny the allegations in Paragraph 229.

230. Defendants deny the allegations in Paragraph 230.

231. Defendants deny the allegations in Paragraph 231.

232. Defendants deny the allegations in Paragraph 232.

233. Defendants deny the allegations in Paragraph 233.

234. Defendants deny the allegations in Paragraph 234.

235. Defendants deny the allegations in Paragraph 235.

236. Defendants deny the allegations in Paragraph 236.

## VII. CHOICE OF LAW

237. Defendants admit that Washington law applies to all Plaintiffs' claims by virtue of the choice-of-law provision that is set forth in Amazon's Conditions of Use. The text of the Conditions of Use speaks for itself.

238. Defendants deny that the laws of California, Oregon, and/or Virginia apply to Plaintiffs' claims. Amazon's choice-of-law provision in its Conditions of Use states that Washington law governs all disputes with Amazon.

## VIII. CLAIM FOR RELIEF
## COUNT I

239. Defendants incorporate by reference their answers to Paragraphs 1 through 238 of the SCAC as though fully stated herein.

240. Defendants admit only that Plaintiffs purport to act on behalf of a class or classes.

241. Paragraph 241 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

242. Paragraph 242 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

243. Defendants deny the allegations in Paragraph 243.

244. Defendants deny the allegations in Paragraph 244.

245. Defendants deny the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246.

247. Defendants deny the allegations regarding "dark patterns" and "unfair and deceptive practices." Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 247 and therefore deny them.

248. Defendants deny the allegations in Paragraph 248.

## COUNT II

249. Defendants incorporate by reference their answers to Paragraphs 1 through 248 of the SCAC as though fully stated herein.

250. Defendants admit only that Plaintiff purports to act on behalf of a class or classes.

251. Paragraph 251 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

252. Paragraph 252 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

253. Paragraph 253 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

254. Paragraph 254 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

255. Paragraph 255 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

256. Defendants deny the allegations in Paragraph 256.

257. Defendants deny the allegations in Paragraph 257.

258. Paragraph 258 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

259. Defendants deny the allegations in Paragraph 259.

260. Paragraph 260 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny the remaining allegations in Paragraph 260.

261. Defendants deny the allegations in Paragraph 261.

262. Defendants deny the allegations in Paragraph 262.

263. Paragraph 263 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny the remaining allegations in Paragraph 263.

264. Defendants deny the allegations in Paragraph 264.

265. Defendants deny the allegations in Paragraph 265.

266. Defendants deny the allegations in Paragraph 266.

267. Defendants deny the allegations in Paragraph 267.

268. Defendants deny the allegations in Paragraph 268.

269. Defendants deny the allegations in Paragraph 269.

270. Defendants deny the allegations in Paragraph 270.

**COUNT III**

271. Defendants incorporate by reference their answers to Paragraphs 1 through 270 of the SCAC as though fully stated herein.

272. Defendants admit only that Plaintiff purports to act on behalf of a class or classes.

273. Paragraph 273 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

274. Defendants deny the allegations in Paragraph 274 to the extent it alleges that Defendants failed or refused to cancel a free offer where consumers have used reasonable efforts to cancel. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and therefore deny them.

275. Defendants deny the allegations in Paragraph 275.

276. Defendants deny illegally charging Plaintiff Daly and the subclass in connection with enrollment in free trials of the Amazon Subscriptions. The remaining allegations in Paragraph 276 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

277. Defendants deny the allegations in Paragraph 277.

278. Defendants deny the allegations in Paragraph 278.

279. Defendants deny the allegations in Paragraph 279.

**COUNT IV**

280. Defendants incorporate by reference their answers to Paragraphs 1 through 279 of the SCAC as though fully stated herein.

281. Defendants admit only that Plaintiffs purport to act on behalf of a class or classes.

282. Paragraph 282 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

283. Defendants deny the allegations in Paragraph 283.

284. Defendants deny the allegations in Paragraph 284.

285. Defendants deny the allegations in Paragraph 285.

286. Defendants deny the allegations in Paragraph 286.

287. Defendants deny the allegations in Paragraph 287.

288. Defendants deny the allegations in Paragraph 288.

289. Defendants deny that they sent any goods, wares, merchandise, or products "without first obtaining the consumer's affirmative consent as described in Section 17602." *See* Cal. Bus. Prof. Code § 17603. Accordingly, Defendants deny that any services provided to Plaintiff or members of the purported class shall be deemed an unconditional gift under Section 17603. Defendants deny the remaining allegations in Paragraph 289.

290. Defendants deny the allegations in Paragraph 290.

291. Defendants deny the allegations in Paragraph 291.

292. Defendants deny the allegations in Paragraph 292.

293. Defendants deny the allegations in Paragraph 293.

294. Defendants deny the allegations in Paragraph 294.

295. Defendants deny that they failed to comply with all disclosure obligations under the ARL. To the extent Paragraph 295 includes allegations that Plaintiffs did not consent to Amazon's disclosures or that Paragraph 295 challenges the adequacy of the disclosures, the Court ruled that Plaintiffs cannot assert any cause of action arising from Amazon's sign-up flow and that Amazon obtained Plaintiffs' affirmative consent to the Amazon Subscriptions. In general

compliance with the Court's Order, Plaintiffs removed from the FCAC allegations relating to sign-up and consent to the Amazon Subscriptions. The allegations in this paragraph regarding pre-purchase disclosures are inconsistent with the Court's Order and should be stricken, but for the avoidance of doubt, Amazon denies them. Defendants deny the remaining allegations in Paragraph 295.

296. Defendants deny the allegations in Paragraph 296.

297. Defendants deny the allegations in Paragraph 297.

298. Defendants deny the allegations in Paragraph 298.

299. Paragraph 299 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

**COUNT V**

300. Defendants incorporate by reference their answers to Paragraphs 1 through 299 of the SCAC as though fully stated herein.

301. Defendants admit only that Plaintiffs purport to act on behalf of a class or classes.

302. Paragraph 302 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

303. Defendants deny the allegations in Paragraph 303.

304. Defendants admit that they represent that members of Amazon Subscriptions may "cancel [their Amazon Subscriptions] anytime." Defendants deny that their representation regarding the ability to cancel anytime is, or could reasonably be construed to be, in any way false or contradicted by any policy. Defendants deny the remaining allegations in Paragraph 304.

305. Defendants deny the allegations in Paragraph 305.

306. Defendants deny the allegations in Paragraph 306.

307. Defendants deny the allegations in Paragraph 307.

308. Defendants deny the allegations in Paragraph 308.

**COUNT VI**

309. Defendants incorporate by reference their answers to Paragraphs 1 through 308 of the SCAC as though fully stated herein.

310. Defendants admit only that Plaintiffs purport to act on behalf of a class or classes.

311. Paragraph 311 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations, and therefore deny them.

312. Paragraph 312 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

313. Defendants deny the allegations in Paragraph 313.

314. Defendants deny the allegations in Paragraph 314.

315. Defendants deny the allegations in Paragraph 315.

316. Defendants admit that on September 13, 2021, they received written notice from Plaintiff Nacarino that she intended to seek damages under California Civil Code § 1750. Defendants admit that Plaintiffs Nacarino, Sylvester, and Sonnenschein purport to seek monetary damages under Cal. Civ. Code § 1782(d). Defendants deny the remaining allegations in Paragraph 316, including any wrongdoing or Plaintiffs' entitlement to any relief.

**COUNT VII**

317. Defendants incorporate by reference their answers to Paragraphs 1 through 316 of the SCAC as though fully stated herein.

318. Defendants admit only that Plaintiff purports to act on behalf of a class or classes.

319. Paragraph 319 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

320. Paragraph 320 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

321. Paragraph 321 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

322. Paragraph 322 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

323. Defendants deny the allegations in Paragraph 323.

324. Defendants deny the allegations in Paragraph 324.

325. Defendants deny the allegations in Paragraph 325.

326. Paragraph 326 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny the remaining allegations in Paragraph 326.

327. Defendants deny the allegations in Paragraph 327.

328. Defendants deny the allegations in Paragraph 328.

329. Defendants deny the allegations in Paragraph 329.

330. Defendants deny illegally charging Plaintiff Adams or the purported Virginia class unlawful fees in violation of the Virginia ARL and deny that Plaintiff Adam and the purported Virginia class are entitled to any recovery. The remainder of Paragraph 330 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

331. Defendants deny the allegations in Paragraph 331.

332. Defendants deny the allegations in Paragraph 332.

333. Defendants deny the allegations of Paragraph 333.

334. Defendants deny the allegations in Paragraph 334.

335. Defendants deny the allegations in Paragraph 335.

336. Defendants deny the allegations in Paragraph 336.

337. Defendants deny the allegations in Paragraph 337.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief they request or any relief whatsoever, and Defendants specifically deny each of the requests for relief enumerated in the SCAC.

## GENERAL DENIAL

Unless expressly admitted above, Defendants deny each and every allegation set forth in Plaintiffs' SCAC.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants further plead the following separate and additional defenses to the SCAC. By pleading these defenses, Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any of these issues or that they are liable for any claims against them.

### FIRST DEFENSE
### (Standing)

Plaintiffs and/or the purported class members lack standing under Article III of the United States Constitution and/or the statutes under which they bring their claims.

### SECOND DEFENSE
### (Failure to State a Claim)

Each purported cause of action in the SCAC fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendants.

### THIRD DEFENSE
### (Failure to Mitigate Damages)

For each purported cause of action, Plaintiffs have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the SCAC, if any.

### FOURTH DEFENSE
### (Comparative Fault and Contribution)

Plaintiffs are in whole or in part responsible for and contributed to the alleged wrongs alleged in the SCAC. Any recovery to which Plaintiffs may be entitled must be reduced by their comparative responsibility and obligations of contribution, which further must act as a setoff against any recovery on Plaintiffs' behalf.

**FIFTH DEFENSE**
**(No Injunctive Relief)**

For each purported cause of action in the SCAC, Plaintiffs fail to properly state a claim for injunctive relief.

**SIXTH DEFENSE**
**(No Damages)**

Plaintiffs and the putative class have not suffered any injury or damages whatsoever.

**SEVENTH DEFENSE**
**(No Punitive Damages)**

To the extent Plaintiffs and the putative class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**EIGHTH DEFENSE**
**(No Equitable Relief)**

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**NINTH DEFENSE**
**(Waiver or Estoppel)**

Each cause of action contained in the SCAC is barred because Plaintiffs waived the claims they now assert or are estopped by their conduct from asserting such claims.

**TENTH DEFENSE**
**(Consent / Acquiescence)**

Plaintiffs' express or implied consent or acquiescence to Defendants' disclosures and agreements bars them from bringing their claims.

**ELEVENTH DEFENSE**
**(Intervening, Superseding, or Primary Cause)**

Plaintiffs' damages, if any, were caused by superseding or intervening causes, including (but not limited to) their enrollment, purchase, and use of their Amazon Subscriptions, either by

Plaintiffs or other members of Plaintiffs' households, or other factors for which Defendants are not responsible, and thus any alleged wrongdoing was not actually or proximately caused by Defendants.

**TWELFTH DEFENSE**
**(Attorneys' Fees Improper)**

Defendants allege that the SCAC fails to state a cause of action or set forth facts sufficient to support a claim for attorneys' fees.

**THIRTEENTH DEFENSE**
**(Class Cannot Be Certified)**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, *inter alia*, the purported class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**FOURTEENTH DEFENSE**
**(Statute of Limitations)**

Each purported cause of action in the SCAC is barred in whole or in part by the applicable statute of limitations.

**FIFTEENTH DEFENSE**
**(Laches)**

Defendants allege that Plaintiffs have waited an unreasonably long time to file this lawsuit and that Defendants' ability to defend the lawsuit has been prejudiced as a result.

**SIXTEENTH DEFENSE**
**(Due Process)**

Each purported claim in the SCAC, as well as the relief it seeks (including excessive statutory and/or punitive damages), is barred to the extent that it violates due process under the United States Constitution or applicable state constitutions.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants do not presently know all facts concerning the conduct and claims of Plaintiffs and the putative class sufficient to state all affirmative defenses at this time. Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses. Defendants reserve any and all additional affirmative defenses available to them.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment with respect to Plaintiffs' SCAC and Defendants' defenses as follows:

1. Denial of certification of the purported class or subclasses alleged in the SCAC;
2. A judgment in Defendants' favor denying Plaintiffs all relief requested in the SCAC and dismissing the SCAC with prejudice;
3. An award of costs to Defendants; and
4. Such other relief as the Court shall deem just and proper.

Dated: May 20, 2024

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email: bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Kimberly Culp (*pro hac vice*)
Mary Griffin Sims (*pro hac vice*)
Justin Stacy (*pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
kculp@fenwick.com
mgriffin@fenwick.com
jstacy@fenwick.com

Esther D. Galan (*pro hac vice*)
730 Arizona, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Email: egalan@fenwick.com

*Attorneys for Defendants*
AMAZON.COM, INC. and AMAZON.COM SERVICES LLC