THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **IN RE AMAZON SUBSCRIPTION SERVICES LITIGATION** | Case No.: 2:22-cv-00910-RSM<br><br>**DECLARATION OF REBECCA HARTLEY IN SUPPORT OF AMAZON'S MOTION FOR A PROTECTIVE ORDER**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>April 18, 2025 |

Rebecca Hartley declares as follows:

1.     I am a Litigation Paralegal for Amazon.com Services LLC, which has been named as a Defendant in the above-captioned matter.  Amazon.com Services LLC is an indirect wholly-owned subsidiary of Amazon.com, Inc.  My responsibilities include handling and managing litigation-related matters, including this litigation.  I am familiar with the manner in which Amazon's records are created and maintained by virtue of my duties and responsibilities.  I make this declaration based on knowledge gained as an employee of Amazon and my review of Amazon records kept and maintained in the ordinary course of business.

2.     If called upon to do so, I could and would testify competently to the matters set forth in this declaration.  I have been staffed on the above-captioned matter concerning 12 Amazon subscriptions: Amazon Prime, Amazon Prime Video, Amazon Prime Video Channels, Amazon Music Unlimited, Amazon Prime Book Box, Amazon Kids+, Kindle Unlimited, Audible, ComiXology Unlimited, Amazon Subscription Boxes, Blink for Home, and Amazon Photos (the "Subscription Services").  Plaintiffs also purport to challenge "Amazon Music" and "Audible

Premium Plus," which are not separate subscription services. I have been directly involved in, as relevant to this motion, interviews and communications with Amazon personnel and with outside counsel regarding the collection of documents concerning the Subscription Services, the identification of Amazon personnel with documents related to the Subscription Services, and the collection of documents for outside counsel's review.

3.    Since mid-2024, Amazon has been diligently collecting documents responsive to Plaintiffs' requests for production of documents (subject to Amazon's responses and objections). This collection effort has focused on, among other things, historical versions of acknowledgement emails and cancellation flows for the Subscription Services. The entire collection effort has required a significant amount of time and resources from Amazon. More than 90 Amazon employees have been involved in the effort to identify and collect documents for this matter.

4.    No single person within each business is responsible for all aspects of a Subscription Service. Rather, each business has multiple people who handle different aspects of the subscription. This means that oftentimes, dozens of individuals per service have been involved in the effort to collect documents responsive to Plaintiffs' requests regarding cancellation flows and acknowledgment emails. Similarly, the Amazon employees involved in enrollment-related aspects of the Subscription Services are routinely not the same employees who are involved in the post-enrollment-related aspects of the Subscription Services. Therefore, if the Court orders Amazon to produce enrollment-related material, each business will need to repeat the laborious process of identifying the right custodians to help identify and retrieve enrollment-related documents from disparate sources, which is particularly difficult for services that no longer exist.

5.    Amazon does not house all documents and records for its businesses in one central location. There also is no centralized place, even within a single business unit, where responsive documents can be identified and collected, often requiring manual collection efforts that cannot be automated or conducted via electronic search. Amazon also does not routinely or systematically store historical copies or versions of standard customer communications (like acknowledgement emails), or historical examples or representations of specific user interfaces (like cancellation flows). With respect to cancellation flows in particular, those flows can vary, even within the same

HARTLEY DECL. ISO AMAZON'S
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:22-CV-00910-RSM

- 2 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Subscription Service, depending on the user interface and modality (e.g., website, mobile, app). Which is all to say that recreating historical versions of the user experience for any Subscription Service, let alone all 12, is a very complicated and time-consuming process.

6.      Business units responsible for certain Subscription Services have been able to locate some historical versions of acknowledgment emails and cancellation flows. But, in some instances, Amazon engineers have had to locate historical computer source code, sometimes from many years ago, to identify the user experience. This process has required Amazon to allocate additional engineering time and resources.

7.      If Amazon is compelled to produce all documents regarding *enrollment* (including such items as all advertising, all offers, all Checkout Pages, etc.) for the Subscription Services, the additional burden on Amazon's businesses will be significant. Enrollment in subscriptions can occur on different types of devices (through websites, Apple or Android phones, on the mobile web, or apps), such that the enrollment screens can differ across modalities at the same time. The processes may also change over time. Similarly, some Amazon businesses have concurrently published different enrollment flows to address the different ways that customers interact with Amazon and the option to enroll in a subscription. Like the acknowledgement emails and cancellation flows, there are no central repositories, even within each of the businesses associated with the Subscription Services, in which enrollment-related materials and data are kept. Likewise, the enrollment-related documents are not necessarily stored in the same locations as the post-enrollment-related documents. In addition, at least some of the 12 services will require Amazon to employ even more engineering time and resources to recreate (where possible) sign-up flows.

8.      So far, Amazon's data collection effort for this case has involved more than 100 hours of calls and thousands of emails with different individuals. Any effort to collect data regarding enrollment will require substantially more time and effort.

9.      The process of even attempting to locate, much less identify, collect, and produce, all enrollment related materials for each of the Subscription Services over time, would dramatically expand the scope and burdens of discovery and significantly delay this case.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2 true and correct.

3    Dated this 4th day of April, 2025.

4

5    /s/ *Rebecca Hartley*

6    Rebecca Hartley

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28